# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DERRICK WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2819 PLC |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner at Missouri Eastern Correctional Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $9.63, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this claim under 42 U.S.C. § 1983, alleging his Fourteenth Amendment rights have been violated by the Missouri Department of Corrections because the parole board has miscalculated his parole eligibility. Plaintiff states he has "a constitutional liberty interest in having his parole eligibility determined under RSMo 579.170, in lieu of RSMo 195.276." Plaintiff states that "[p]ursuant to the provisions of A.L. 2014 S.B. 491, effective January 1, 2017, plaintiff's sentence is now parolable and the Department of Corrections should be compelled to parole plaintiff according to these guidelines."

On February 5, 2010, a jury found plaintiff guilty of a drug crime, and plaintiff was sentenced as a "prior and persistent drug offender" under Missouri law. *See State v. Williamson*, No. 08MI-CR00530 (Mississipi County). At the time he was sentenced, the specific finding that defendant was a prior and persistent drug offender made him ineligible for parole. Plaintiff states that on January 1, 2017, Missouri Revised Statute § 579.170 took effect, and his sentence as a prior and persistent drug offender is now subject to parole. Plaintiff states that the Court should retroactively apply § 579.170 to plaintiff's crime and issue declaratory judgment compelling the Missouri Department of Corrections, Board of Probation and Parole, to grant plaintiff parole.

**Discussion**

The Supreme Court held in *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole. Additionally, the United States Court of Appeals for the Eighth Circuit Court and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, a Missouri prisoner's allegations challenging denial of parole do not state a claim under 42 U.S.C. § 1983. *Id.* The Court finds plaintiff has failed to state a claim under § 1983, and will dismiss his case under 28 U.S.C. § 1915(e)(2).

Although the Court will dismiss plaintiff's § 1983 claim on this ground, if the Court had jurisdiction to address the merits of plaintiff's argument under Missouri law, plaintiff fares no better. Plaintiff relies on Missouri Revised Statute § 1.160 to assert that as a prior and persistent drug offender, he should be entitled to parole because he would be entitled to parole under the current statute, § 579.170. "Section 1.160 provides that, when a punishment is reduced or lessened after the time of commission of an offense and while a prosecution is 'pending,' the accused is entitled to the advantage of the less severe punishment or sentence." *Merriweather v. Grandison*, 904 S.W.2d 485, 486 (Mo. Ct. App. 1995). A case is considered pending for purposes of § 1.160 "until direct review is exhausted." *Hawkins v. State*, 854 S.W.2d 606, 607 (Mo. Ct. App. 1993).

Based on plaintiff's complaint, his underlying criminal case was no longer pending for purposes of § 1.160 on May 27, 2011—the date the Missouri Court of Appeals confirmed his sentence. He alleges his offense became eligible for parole with the enactment of a new law effective January 1, 2017. Therefore, even if the Court had jurisdiction to consider and apply Missouri Revised Statute § 1.160 to plaintiff's case, he would not be entitled to the advantage of

a less severe sentence because the punishment for his crime was not reduced while plaintiff's prosecution was pending.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.63 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of April, 2018.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).